### BENJAMIN SIMON v. ALLEN & CO.

#### No. 2718.

1. **Duty of Discharged Servant.**—A discharged employe has the right for a reasonable time to seek the same character of employment that he had when discharged.

2. **Same—Erroneous Charge.**—In suit by discharged employe for wages upon the broken contract for hiring it was error to charge, "In case you find from the evidence that defendants discharged the plaintiff without reasonable cause, then * * * it was the duty of plaintiff to seek employment at any work he could find to do, regardless of what he before that time had been doing. He must have sought and should have taken any honest employment he could get, and that even at a less price than he had been receiving before."

3. **Tender.**—A tender after suit will not relieve defendant from costs.

APPEAL from Polk. Tried below before Hon. L. B. Hightower. The opinion states the case.

*J. A. McCardell* and *F. Crosson*, for appellant.— 1. The court erred in charging that the jury should deduct from the month's wages of plaintiff such amount as he earned, or might have earned, for that the evidence fails to show that during said month plaintiff did earn anything, or that he might have earned anything. Cannon v. Cannon, 66 Texas, 686, 687; Railway v. Faber, 63 Texas, 344; Railway v. Gilmore, 62 Texas, 391; Cook v. Dennis, 61 Texas, 246.

2. The court erred in giving the following special charge asked by defendants, to-wit: "In case you find from the evidence that defendants discharged plaintiff (if they did) without reasonable cause, then you are instructed that it was the duty of plaintiff to seek employment at any work he could find to do, regardless of what he, plaintiff, had before that time been doing. He must have sought and should have taken any honest employment he could get, and that even at a less price than what he before had been receiving. The defendants are entitled to all the plaintiff could have made during the time sued for, to be deducted from the amount of the wages (if any) during the time sued for."

*Jas. E. Hill*, for appellees.—When appellant was discharged he should have sought any mode honestly to make money within his power. Not by selling goods alone, but in any other way. This he did not do, and he can not now complain. 2 Wait's Act. and Def., 457; Sedg. on Dam., p. 418, note; Abernathy v. Hewlitt, 2 Ct. App. C. C., sec. 805.

HENRY, ASSOCIATE JUSTICE.—Appellant was employed by appellees by the month as a clerk in their store, at a salary of $55 per month.

He was discharged from said employment on the 4th day of February,

and he commenced this suit in a Justice Court to recover his salary for the whole of that month.

It appears that defendants tendered "in the Justice Court" to plaintiff the sum of $7.35, which they claimed was all that was due him, that being for the four days that he served in February.

The evidence as to whether the defendants had proper cause to discharge plaintiff was conflicting. The defendants' testimony showed that they had sufficient cause therefor, which the plaintiff denied.

On cross-examination plaintiff testified that after he was discharged he sought employment as a clerk at a number of places in the State named by him, without procuring it. He testified that he did not try to get "work at a saw mill, nor on a farm, nor at rail splitting, nor at piling brush;" that he was a good sized man, and in good health, but had never done such work; that he did not try to get business as a porter at a depot until after he failed to get employment as a clerk at the places named by him; that on the 1st day of March he was given the position of porter at a railroad depot, where he still works.

At the request of the defendants the court gave the jury the following charge: "In case you find from the evidence that the defendants discharged the plaintiff (if they did) without reasonable cause, then you are instructed that it was the duty of plaintiff to seek employment at any work he could find to do, regardless of what he before that time had been doing. He must have sought and should have taken any honest employment he could get, and that even at a less price than he had been receiving before."

We think it was error to give this charge. Plaintiff had the right to seek, for a reasonable time, the same character of employment that he had when he was discharged. If after a reasonable time it became evident that he could not procure employment as a clerk, it would have become his duty, in so far as it concerned his relations with his late employers, to seek other employment for which he was fitted.

In view of his evidence on the subject, we think that the charge was calculated to mislead the jury.

In view of another trial, it is proper to suggest as to the time of the tender that if it was not made before the institution of the suit in the Justice Court, it was error to adjudge the costs against plaintiff.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered March 7, 1890.