H. C. Ferguson et al., Relators, v. M. P. Kelly, District Clerk, Respondent.

Decided January 13, 1906.

**Statement of Facts—Official Stenographer—Construction of Act.**

The Act of the 29th Legislature providing for official stenographers for the courts does not repeal any other law relating to the preparation of statements of fact in appealed cases. It is only in those cases where one of the parties to the suit requests the stenographer to make a transcript of the oral evidence and has such transcript signed and approved by the judge and filed among the papers of the cause, that it can be used as the statement of facts on appeal. If neither party requests such transcript, the appellant would have the right to have prepared and filed a statement of facts under the rules of practice heretofore prescribed, and it would be the duty of the clerk to copy such statement into the transcript for appeal.

Original proceeding for mandamus to Denton County.

*S. M. Bradley* and *H. C. Ferguson,* for relators.

*M. P. Kelly,* in pro. per.

SPEER, Associate Justice.—This is an original application to this court by relators for a writ of mandamus to respondent as district clerk of Denton County to compel such clerk to deliver to relators a transcript of the proceedings in a cause tried in the District Court of Denton County, in which relators had perfected their appeal to this court, to which petition the respondent makes answer in effect that he has prepared and tendered to relators, and now here tenders to them, a transcript in all respects complete, save that it does not·contain a copy of the statement of facts proved upon the trial of the case. It is shown by respondent that there is an acting official stenographer for the District Court of Denton County, and that upon the trial of the case in the District Court such stenographer reported the testimony and has at all times since been willing and ready to prepare and deliver to relators or their attorneys a statement of facts therein, but that no demand or request therefor has ever been made. It is also disclosed in respondent's answer that a statement of facts has been prepared and approved by the Honorable D. E. Barrett, the presiding judge. The real controversy, which is whether or not respondent should include in the transcript the statement of facts prepared and filed by the district judge, involves a construction of the Act of the Twenty-ninth

Legislature providing for a statement of facts of the oral evidence in a case to be made up by an official stenographer to the court. Acts Twenty-ninth Legislature, page 219. Those sections of the Act pertinent to this inquiry are:

"Section 3. It shall be the duty of the official stenographer to attend all sessions of the court, to take full stenographic notes of the oral evidence offered in every case tried in said court, together with all objections to the admissibility of testimony, the rulings of the court thereon, and all exceptions taken to such rulings; to preserve all official notes taken in said court for future use or reference, and to furnish either party to the suit a transcript of all of said evidence or other proceedings, upon the payment to him of the compensation hereinafter provided.

"Section 4. When such transcript is made at the request of either party to the suit, said stenographer shall file a duplicate copy thereof among the papers of the case, and it shall be made the duty of the court, if the transcript be found to be correct, to approve the same; provided, however, before approving the same it shall be submitted to the interested parties for any objections thereto, and such objections, if found to be material and well founded, shall be allowed. If said transcript is thus approved and signed by the judge, the same shall be filed among the papers of said cause, and become a record therein, but not to be recorded.

"Section 5. In case an appeal is taken from the judgment rendered in said case, said original stenographer's transcript shall be sent up as the record of said cause as the report of the testimony therein, the cost of such transcript paid by either party to be taxed against the party losing on such appeal; and no other record of said testimony shall be sent upon appeal; provided, any original documentary evidence, sketches, maps, plats or other matters introduced in evidence, and if embraced in the stenographer's report, may be made a part of the record of said cause by written direction of the court, which may be sent up in the original form if requested by either party to the suit, or transcribed by the clerk with other parts of the record therein; provided, that in any case where such stenographic transcript is not made, this act shall not apply."

While section 3 seems to make it imperative upon the official stenographer to attend all sessions of the court and to take full stenographic notes of the oral evidence offered in every case tried in said court, yet the next succeeding section contemplates that it is only when a transcript is made at the request of one of the parties to the suit, and such transcript has been found to be correct and approved by the court, that the same is entitled to be filed among the papers of the cause and to become a record therein. In section 5 it is seen that in any case where such stenographic transcript is not made this act shall not apply. Now, it is clear from the answer herein that no transcript of the oral evidence has been made by the official stenographer, although it is shown that she has at all times been ready and willing to furnish such transcript. Neither party has applied for it, and by the terms of section 5 the Act under consideration does not apply to this case. By what law, then, is it to be governed? The Act in question in no

way purports to repeal any other law upon the statute books relating to the preparation of statements of fact in appealed cases, and we find nothing to indicate that the method therein prescribed for preparing transcripts of oral evidence was intended to be exclusive of all others in all cases. On the contrary, as we construe the Act, it contemplates no change in the original practice save in those cases where one of the parties to the suit requests the stenographer to make a transcript of the oral evidence, and has such transcript signed and approved by the judge and filed among the papers of such cause. If neither party requests such transcript, the appellant would have the right to have prepared and filed a statement of facts under the rules of practice heretofore prescribed, and it would be the duty of the clerk to copy such statement of facts in the transcript of the proceedings. We therefore hold under the above facts that it was and is the duty of respondent to prepare and deliver to relators a transcript of the proceedings, including a copy of the statement of facts prepared by the district judge in the case tried in the District Court out of which this application arose.

Writ of mandamus is therefore awarded as prayed for.

*Mandamus awarded.*