BUFFALO BAYOU CO., Inc., v. LORENTZ.
(No. 6130/6824.)

(Court of Civil Appeals of Texas. Galveston.
Nov. 13, 1914.)

APPEAL AND ERROR (§ 573*)—RECORD—TRAN-
SCRIPT—STATEMENT OF FACTS.

Rev. St. 1911, art. 1924, provides that,
when an appeal is perfected, the official stenog-
rapher shall transcribe his notes in question
and answer form, and file the same with the
clerk of court, to be paid for by the party order-
ing it. Section 2070 provides that, upon filing
such transcript, the appellant shall prepare
therefrom a statement of facts, or, on his re-
quest, the official stenographer shall prepare a
statement of facts in narrative form. Section
2072 (Acts 32d Leg. c. 119, § 13 [Vernon's
Sayles' Ann. Civ. St. 1914, art. 2072]) provides
that nothing shall prevent the parties from pre-
paring statements of facts independent of the
official transcript. The party appealing from a
judgment where the testimony below was taken
down as prescribed by article 1924, without re-
questing any transcript in that form or in nar-
rative form, prepared a statement of facts to
which appellee did not agree, but which was
approved and ordered filed. *Held*, that article
2072 only meant that the parties might agree to
dispense with the official transcript, but did not
give the appellant the right to require appellee
to pass upon such statement, which would not
be considered as a statement of facts.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 2560, 2562–2564, 2566;
Dec. Dig. § 573.*]

Appeal from Harris County Court; Clark
C. Wren, Judge.

Action between the Buffalo Bayou Compa-
ny, Inc., and H. Lorentz. Judgment for Lor-
entz, and the Buffalo Bayou Company, Inc.,
appeals. The statement of facts filed by
appellant was stricken on motion, and ap-
pellant moves for a rehearing and reinstate-
ment. Motion overruled.

John Charles Harris and Harris & Harris,
all of Houston, for appellant. Thomas S.
Taliaferro, of Houston, for appellee.

PLEASANTS, C. J. At a former day of
this term, on motion of appellee, we struck
out the statement of facts filed by appellant
in this cause. Appellant has filed a motion
for rehearing and for reinstatement of the
statement of facts. We deem the questions
presented by the motion of sufficient impor-
tance to require discussion and a statement
of our conclusions thereon. The testimony
adduced upon the trial in the court below
was taken down in question and answer form
by an official stenographer appointed by the
court under the provision of article 1932 of
the Revised Statutes. No transcript of the
testimony in question and answer form was
made and filed by the stenographer as re-
quired by article 1924 of the statutes, and no
request for such transcript was made by ap-
pellant, nor was any transcript in narrative
form prepared by the stenographer as pro-
vided by article 2070 of the statutes, nor any
request therefor made by appellant. In

proper time counsel for appellant prepared,
or caused to be prepared, a statement of
facts, and presented same to counsel for ap-
pellee, and requested that he agree that said
statement was a full and correct statement
of all the material facts proven on the trial.
Appellee's counsel declined to agree to the
statement, and requested counsel for appel-
lant to have a statement of facts prepared by
the official stenographer in accordance with
the provisions of the statute before cited.
Appellant's counsel refused this request, and
presented to the trial judge the statement of
facts prepared by him. The judge examined
and approved the statement, and ordered it
filed as a part of the record, after certifying
that the parties had failed to agree upon a
statement of facts. The statement prepared
by appellant's counsel was made in dupli-
cate, and a copy thereof filed in the court
below. The other copy was sent up and filed
with the record in this case as a statement
of facts.

In his motion for rehearing counsel for
appellant says that he deliberately failed and
refused to comply with the provisions of the
statute above cited because he did not desire
to pay the stenographer's fee provided by
the statute, and had the right, under article
2072 of the statute, to prepare a statement
of facts independent of the stenographer's
notes or transcript.

Article 2072 of the Revised Statutes, which
is the same as section 13 of the general ste-
nographer's act passed by the Legislature in
1911 (Acts 1911, p. 264), contains the fol-
lowing provision:

"Nothing in this act shall be so construed as
to prevent parties from preparing statements of
facts on appeal independent of the transcript of
the notes of the official shorthand reporter."

We cannot agree with learned counsel for
appellant that this provision of the statute
permits an appellant, without the consent of
the appellee, to ignore the provisions of the
statutes above cited, which direct how a
statement of facts shall be prepared in cases
in which the testimony has been taken down
by an official stenographer. We think the
provision only means that the parties may
by agreement dispense with the official ste-
nographer's report and prepare a statement
of facts from their own recollection of the
testimony, and does not give to an appellant
the right to require the appellee to pass upon
a statement prepared by the appellant inde-
pendent of the stenographer's report.

Article 1924 provides, in substance, that
in case an appeal is perfected from the judg-
ment rendered in any case, the official ste-
nographer shall transcribe his notes in ques-
tion and answer form and file the same with
the clerk of the court; said transcript to be
paid for by the party ordering the same on
delivery.

Article 2070 provides that, upon the filing

of transcript as provided in article 1924, the *party appealing* shall prepare or cause to be prepared *from the transcript filed by the official shorthand reporter* a statement of facts. It is further provided in said article that the official shorthand reporter shall, when requested by the *party appealing*, prepare from the transcript filed by such reporter in accordance with the provision of article 1924 a statement of facts in narrative form and deliver same to the party appealing.

These provisions of the statute, we think, clearly show that it was primarily the intention of the Legislature to require the appellant or party appealing, if he desired a statement of facts, to have it prepared in the manner directed in said articles, but realizing that in many cases in which the material facts were few and, if not undisputed, were established by the great preponderance of the evidence it would unnecessarily add to the expense of the parties to have the statement prepared as directed in said article, provided in article 2072 that it was not intended by the provisions of the preceding articles to prevent the parties from preparing a statement of facts independent of the stenographer's transcript. A statement of facts prepared by the parties necessarily means an agreed statement of facts, and the provisions of the statute as to the manner of preparing a statement can only be disregarded by agreement of the parties. These conclusions are not in conflict with the opinion of the Court of Appeals for the Third District in the case of Ferguson v. Kelly, 41 Tex. Civ. App. 338, 91 S. W. 805. That case was an original application for mandamus presented in the appellate court by an appellant in a cause which had been appealed to said court from the district court of Denton county to compel the clerk of the district court to include in the transcript of said cause a statement of facts prepared and filed by the district judge. No objection to the statement of facts appears to have been made by the appellee, who was not a party to the proceedings. The district clerk refused to include it in the transcript on the ground that the testimony had been taken down by an official stenographer, who was ready and willing to prepare and deliver a statement of facts to appellant, but no demand or request therefor had been made. The only question before the court was whether or not the district clerk should be required to include in the transcript sent up by him the statement of facts prepared by the district judge. The decision turned upon the construction of articles 3, 4, and 5 of the stenographer's act of 1905, which is different from the present statute, and the court held that, by the express terms of said act, if no transcript in narrative form of the stenographer's notes was filed, the provisions of the act requiring such transcript to be sent up as the statement of facts did not apply, and it was the duty of the clerk to copy in his transcript of the proceedings the statement of facts prepared and filed by the district judge. We think it clear that this decision has no bearing upon the question presented by the instant case.

We think appellee in this case had a right to require appellant to furnish a statement of facts prepared in accordance with the provisions of the statutes above cited, and that he was not required to agree to or pass upon a statement prepared independent of the official stenographer's report, and such statement, though approved by the trial judge, cannot, over appellee's objections, be considered by us as a statement of facts. The motion for rehearing and to set aside the order striking out the statement of facts is overruled.