## BUFFALO BAYOU CO. v. LORENTZ.
### (No. 5466.)

(Court of Civil Appeals of Texas. San Antonio. June 16, 1915.)

1. MASTER AND SERVANT ⬅️42—DISCHARGE —MITIGATION OF DAMAGES—DUTY TO ACCEPT INFERIOR EMPLOYMENT.

Where a tug boat captain, hired by the month, was discharged, since he had a reasonable time to seek other employment of the same grade before he would have to accept a different or lower grade employment in mitigation of damages, the action of his employers in offering him an inferior position at a salary lower by $10 a month, which he refused to accept, did not confine him to the recovery of damages of $10 only.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 54–56; Dec. Dig. ⬅️ 42.]

2. MASTER AND SERVANT ⬅️42—DISCHARGE— MITIGATION OF DAMAGES.

A servant, wrongfully discharged, after a reasonable time has elapsed, during which he has endeavored to secure the same grade of employment, must accept such employment as he can obtain to mitigate damages.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 54–56; Dec. Dig. ⬅️ 42.]

Appeal from Harris County Court, at Law; Clark C. Wren, Judge.

Action by H. Lorentz against the Buffalo Bayou Company. Judgment for plaintiff, and defendant appeals. Affirmed, after setting aside an order overruling a motion to reinstate the statement of facts.

See 170 S. W. 1052.

John Charles Harris and Harris & Harris, all of Galveston, for appellant. Thomas S. Taliaferro, of Houston, for appellee.

CARL, J. On a former day of this term this court overruled a second motion to reinstate the statement of facts and affirmed the judgment of the trial court, because no fundamental error appeared. At the time we wrote that opinion and followed the holding of the Court of Civil Appeals for the First Supreme Judicial District (170 S. W. 1052) the opinion in Camden Fire Ins. Ass'n v. M., K. & T. Ry. Co. of Texas et al., 175 S. W. 816, had not been published, and the opinion by the Austin Court of Appeals in Ft. Worth Pub. Co. v. Armstrong, 175 S. W. 1113 had not been written. The holding in the two cases last mentioned seems to us to be more in consonance with a broad interpretation of the statutes relating to the preparation and filing of statements of facts, and we have concluded that this court will adopt that rule rather than adhere to the rule laid down by the Galveston court. Therefore this court, of its own motion, has set aside its order overruling the motion to reinstate the statement of facts, and we now grant said motion and set aside the order as to statement of facts, and will proceed to discuss the case in connection with the statement of facts. This suit originated in the justice court of Harris county, where H. Lorentz, appellee, sued appellant, Buffalo Bayou Company, Incorporated, to recover $120, $100 alleged to be due him as salary and $20 additional for attorney's fees. On appeal to the county court, appellee recovered $100, and the Buffalo Bayou Company appealed.

Appellant employed appellee about November 1, 1912 to act as captain of the tugboat Eugene, at a salary of $100 per month. About April 15, 1913, the company became dissatisfied with the services of Capt. Lorentz and discharged him, but at the same time offered him a position as second captain at a salary of $90 per month which he refused. The company thereupon offered to pay him $50 for the half month's services already performed, but Capt. Lorentz refused to accept less than his salary for the whole month. It is contended by appellant that it was appellee's duty to seek other employment and minimize the damage, and that when he was offered employment for the remainder of the month at a decrease in wages of only $5 for that time, the most he could recover would be the sum of $5, that

being the difference between 'what he had been getting and what he would have received under the new employment at reduced salary. Appellee maintains that, even if he be required to seek other employment for the remainder of the month in order to minimize the damage, he could not be required by the company to accept a disrating or a lower grade of employment. We may also state that while appellee contends that he was employed by the month, appellant claims that his employment was just so long as his services were satisfactory, and that his services were not satisfactory, and that several expensive wrecks to the boat justified appellee's discharge. The court did not err in refusing to charge the jury as requested, which was substantially that appellee could not recover $50.00 for the half month that he did not serve as captain of the tugboat Eugene, because the uncontradicted evidence showed that he was offered a position as second captain at $90 per month or $45 for said half month, which would reduce his damages for the time he did not work to $5. The second and third assignments raise practically the same matter of law. Simon v. Allen, 76 Tex. 398, 13 S. W. 296; G., C. & S. F. Ry. Co. v. Jackson, 29 Tex. Civ. App. 342, 69 S. W. pp. 89 to 91; Kramer v. Wolff Cigar Stores Co., 99 Tex. 597, 91 S. W. 775; 26 Enc. of Law, 1013; 26 Cyc. 1018, and notes 37 and 38. Appellee says:

"I refused to take the job of second captain on the tugboat Eugene because Joe Reichardt and I could not get along well together, and I so told Mr. Drouet. I certainly did try to get other employment after my discharge. It was necessary to have employment, because I am a married man with a family and am dependent on my wages."

He also says:

"At the time I was discharged Mr. Drouet offered me work on the tugboat Eugene, in which I would be rated as captain, but not at the same salary; he offered me a position which was inferior to the one I had occupied."

It was shown that Reichardt would be his superior officer. He would be under the same man who had displaced him as first captain or commander.

Since it was shown that appellee tried to get other employment and failed, the controversy narrows down to the proposition as to whether the offer of employment at a lower rate and of a lower grade by his employer would preclude him from recovery of that sum offered, if he refused to accept such disrating.

In the case of Simon v. Allen & Co., cited, Simon was employed by the month as a clerk ·in the store of Allen & Co. at a salary of $55 per month. Early in the month of February he was discharged, and brought suit to recover his salary for the whole of the month, just as Lorentz did in this case. Allen & Co. tendered into court, after suit was brought, the·amount due him up to the date he was discharged. One of the main issues was the duty of Simon to seek other employ-

ment in mitigation of damages, and at the request of the defendant the court gave the following special charge:

"In case you find from the evidence that the defendants discharged the plaintiff (if they did) without reasonable cause, then you are instructed that it was the duty of plaintiff to seek employment at any work he could find to do, regardless of what he before that time had been doing. He must have sought and should have taken any honest employment he could get, and that even at a less price than he had been receiving before."

Mr. Justice Henry, speaking for the court, said:

"We think it was error to give this charge. Plaintiff had the right to seek, for a reasonable time, the same character of employment that he had when he was discharged. If after a reasonable time it became evident that he could not procure employment as a clerk, it would have become his duty, in so far as it concerned his relations with his late employers, to seek other employment for which he was fitted. In view of his evidence on the subject, we think that the charge was calculated to mislead the jury."

This doctrine is approved by Justice Pleasants in Railway v. Jackson, 29 Tex. Civ. App. 342, 69 S. W. 90.

In the case of ·Kramer v. Wolff, 99 Tex. 597, 91 S. W. 775, Kramer ' sued Wolff for breach of contract of hire, he having been employed by Wolff as general manager of certain cigar stores in Dallas at a salary of $250 per month. After he had served some time in this position, he was notified by Wolff that his position had been shifted from store No. 4 to store No. 5, a position which was inferior to that originally contracted for; and it was held that he was under no obligation to submit to the efforts of Wolff to force him to accept such inferior position under the contract, and that if by reason of his refusal to submit he was deprived of employment, he would not be precluded from recovering damages even though the same compensation was offered by the defendant for the services to be performed in the new situation that he was getting in the old one.

The suit of The Mary C. Conery (D. C.) 9 Fed. 222, was in the nature of a libel in rem, and that case turned upon the legal effect of disrating a cook and steward, putting him before the mast as a common seaman; and it was said in that case:

"I regard such an act by the master as an abrogation of the contract with the cook and steward, and leaves him [such cook and steward] when a port is reached, * * * the option of accepting it [the disrating] as a discharge, or of remaining on board the ship in his new position. If he elects the former, he is entitled to the payment of wages, according to the contract, up to the time of the disrating."

[1, 2] It is our opinion that the appellant had no right after Lorentz had been discharged from his position as captain to force him to accept a disrating and an inferior position at a lower salary than that provided for in his contract of employment; and, when he was offered such lower salary and inferior position, he was under no obligation under his contract to accept same in order

to mitigate the damages. And, applying the rule thus laid down by Judge Henry in Simon v. Allen, supra, he would have had a reasonable time to have sought other employment of the same grade before he would have had to accept a different or lower grade employment. This time Lorentz did not have, for the offer of the different employment was made at the same time he was discharged. He testified that he did make an effort to get other employment and failed. The law does not contemplate that when a contract is broken the aggrieved party shall humiliate himself at once by accepting a lower grade of employment in this instance any more than in the case of the premiere danseuse, who, it was held, could not beforced under her contract of employment as a dancer in the first row, or leading lady, to accept a disrating where she would be·placed in the rear rank of the ballet, thus concealing rather than displaying her charms. Of course, after a reasonable time had elapsed during which an effort had been made to secure the same grade of employment, appellee would have been required to accept such employment as he could perform in order to mitigate the damages, but in this instance, while he had made an effort to secure other employment before the expiration of that month, a reasonable time had not elapsed. Even if it had, we doubt if it should be held that a man should be required, even then, to accept a lower grade of employment from the same company which had disrated and humiliated him. But upon this point we do not express an opinion for the reason that it is not necessary to a decision of this case.

The judgment of the trial court is, in all things, affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes