DUGAN et al. v. SMITH et al. (No. 278.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 8, 1918.)

1. APPEAL AND ERROR ⟐2—PREPARATION OF STATEMENT OF FACTS—REPEAL OF STATUTES BY ACTS AS TO OFFICIAL COURT STENOGRAPHERS.

Rev. St. 1911, arts. 2068, 2069, covering the manner of the preparation of a statement of facts in a cause appealed from, were in no manner repealed or modified by the act providing for the appointment of official court stenographers and prescribing their duties, or by subsequent acts relative to their duties and the preparation of statement of facts by them when requested by the parties.

2. COSTS ⟐254(1) — CHARGE FOR STATEMENT OF FACTS PREPARED BY TRIAL JUDGE—STATUTE.

Where a statement of facts is prepared by the trial court pursuant to Rev. St. 1911, art. 2069, the parties having failed to agree upon a statement, there can be no charge against either party for such statement taxed as costs in the case, though the court required the court stenographer to aid him in preparing the statement of facts by transcribing his notes.

Appeal from District Court, Montgomery County; L. B. Hightower, Sr., Judge.

On motion to retax costs, etc. Motion sustained, and judgment, as formerly entered, modified.

For former opinion, see 199 S. W. 654.

McCall, Crawford & McCall, of Conroe, for appellants. W. N. Foster, of Conroe, for appellees.

HIGHTOWER, C. J. The judgment of the trial court in this cause was heretofore affirmed by this court, and all costs incurred were adjudged to be paid by appellants. Among other items of cost mentioned in the bill of costs attached to the transcript is an item of $86.20 for the preparation of the statement of facts in the cause, and this item, together with all other items of cost, was adjudged to be paid by the appellants. After the judgment of this court affirming the judgment of the trial court was rendered and entered, appellants filed their motion for a rehearing, which motion was by this court overruled, and thereupon appellants filed a motion praying this court to retax the costs adjudged against appellants, and to relieve them of the payment of the item of $86.20 shown by the bill of costs to be charged for the preparation of the statement of facts. It is claimed by appellants in this motion that this item of cost cannot be properly and legally charged against appellants, and, after carefully considering the matter in this connection, we are of opinion that appellants' contention must be sustained.

This cause was tried in the lower court, and final judgment was there entered on February 2, 1917, and the court adjourned on February 3, 1917. Appellants in due time and before adjournment of the trial court gave notice of appeal to this court, and 60

days were allowed appellants by the trial court in which to file a statement of facts and bills of exception.

On March 22, 1917, appellants prepared and presented to the attorneys for appellees in person a statement of facts which attorneys for appellants had prepared from their recollection of the evidence adduced upon the trial, aided by such notes as they had taken during the trial, with the request that the attorneys for appellees promptly examine such statement of facts, and that they note thereon their objections thereto, if any they might have. On March 28, 1917, the attorneys for appellees informed attorneys for appellants that they could not agree to the statement of facts thus presented to attorneys for appellees, without a stenographic report of the case as prepared by the official court reporter; that attorneys for appellees were unable to point out any particular errors in such statement of facts so prepared and presented to them by attorneys for appellants, and did not point out any specific objections thereto, but attorneys for appellees failed and refused to agree to the statement so prepared and presented to them by attorneys for appellants. Thereafter on March 31, 1917, attorneys for appellants made a written report to the trial judge in which they stated, substantially, that they had prepared a statement of facts in the cause, and had presented the same to the attorneys for appellees for their examination and objections thereto, if any, and for their agreement, if there were no objections thereto, but that, without pointing out any objections to such statement of facts, attorneys for appellees refused to agree to same, because they were unable to determine whether such statement so prepared was a correct statement of all the facts, in the absence of a stenographic report of the evidence. The statement of facts prepared by attorneys for appellants and presented to attorneys for appellees above mentioned bore the certificate of the attorneys for appellants, over their signature, that to the best of their knowledge such statement of facts was a full and fair statement of facts proven on the trial of said cause. In their written report to the trial judge, that they had been unable to agree upon a statement of facts with appellees' attorneys, attorneys for appellants stated to the trial judge that appellants were unwilling to incur the expense of having the official court stenographer to transcribe his notes taken on the trial, and to prepare a statement of facts therefrom, and requested the trial judge, in view of the inability of counsel for the parties to agree upon a statement of facts, to prepare a statement of facts and order the same to be filed as a part of the record in the cause. Thereupon the attorneys for appellees suggested to the trial judge that he have the official stenographer transcribe his notes, as taken upon the trial, and that the trial judge, from such notes, prepare and file a statement of facts in the cause. This suggestion on the part of attorneys for appellees seems to have been adopted by the trial judge as a proper course to pursue under the circumstances, which is shown by the trial judge's certificate of approval to the statement of facts, as follows:

"Counsel for relators (appellants) and respondents (appellees) having failed to agree on a statement of facts in this case, and relators having so notified the court, and called upon the court to prepare a statement of the evidence admitted in the trial, I caused the court reporter, at the request of respondents, to prepare a question and answer transcript of the testimony taken in the trial, and from such question and answer transcript the foregoing narrative statement of facts, embracing 75 pages, has been prepared, and after examination thereof, I give the same as a correct statement of the evidence introduced on the trial of said cause, and hereby certify that the same constitutes the substance of the material testimony introduced in the case, and order that it be filed as the statement of facts in this cause.

"Witness my hand this 23d day of April, 1917. L. B. Hightower, Judge Ninth Judicial District."

Appellants, in their motion to retax the costs, make the following contentions:

(1) That in no instance where a statement of facts is prepared by the trial court can there be any charge against either party therefor taxed as costs in the case.

(2) That, even if it could be the law that appellants were chargeable with the preparation of the statement of facts in this case, the charge therefore is expressly limited by the statute to 15 cents per hundred words, and that on the statement of facts of only 75 pages, the charge of $86.20 is greatly excessive, unjust, and unreasonable, and that $45 would be the maximum amount for which appellants would be liable in any event.

(3) That under the law appellants had the right to make up their statement of facts and present same to the attorneys for appellees for an agreement, and that, no agreement having been reached, then it was the legal right of appellants to report such failure to agree to the trial judge, together with the presentation to him of the statement of facts certified to be correct, and that then it was the duty of attorneys for appellees to present to the trial judge a statement of facts prepared by them, and, if the trial judge had not approved either of such statements, it then became the duty of the trial judge, from his own personal knowledge, with the aid of such statements, to make out and sign and file with the clerk a correct statement of facts proven on the trial, which such statement should constitute a part of the record.

After a careful consideration of appellants' contentions, we are of the opinion that their first contention above mentioned is correct, and must be sustained.

Article 2068 of Revised Statutes of 1911, in so far as applicable here, is as follows:

"After the trial of any cause, either party may make out a written statement of the facts given

in evidence on the trial, and submit the same to the opposite party, or his attorney, for inspection. If the parties, or their attorneys, agree upon such statement of facts, they shall sign the same; and it shall then be submitted to the judge, who shall, if he find it correct, approve and sign it; and the same shall be filed with the clerk."

Article 2069, Revised Statutes of 1911, provides:

"If the parties do not agree upon such statement of facts, or if the judge do not approve or sign it, the parties may submit their respective statements to the judge, who shall, from his own knowledge, with the aid of such statements, make out and sign and file with the clerk a correct statement of the facts proven on the trial; and such statement shall constitute a part of the record."

[1] We think it is now practically the settled rule in this state that articles 2068 and 2069 above quoted, covering the manner of the preparation of a statement of facts in a cause appealed from, were in no manner repealed or modified by the act of the Legislature providing for the appointment of official court stenographers, and prescribing their duties, either by the act of 1905, or subsequent acts relative to the duties of official court stenographers, and the preparation of statements of fact by them, when requested by parties to a cause. We shall not enter into a lengthy discussion of this point, for the reason that we are of opinion that our conclusion is fully sustained by the following authorities: Camden Fire Ins. Ass'n v. M., K. & T. Ry. Co. of Texas, 175 S. W. 816; Ft. Worth Pub. Co. v. Armstrong, 175 S. W. 1113; Buffalo Bayou Co. v. Lorentz, 177 S. W. 1183.

In the case of Buffalo Bayou Co., Incorporated, v. Lorents, 170 S. W. 1052, the Court of Civil Appeals for the First District seems to have reached a conclusion to the contrary; but it will be observed that three other Courts of Civil Appeals have declined to follow the holding of the Galveston court in this case, as shown by the conclusions reached in the three cases above cited, the opinions of which were by three different Courts of Civil Appeals, and we agree with those courts that the stenographer's act did not repeal or modify articles 2068 and 2069, giving the right to parties to prepare statements of fact independently of the provisions pertaining thereto contained in the stenographer's act.

[2] If we are right in this conclusion, then appellants had the legal right to prepare a statement of facts in this cause below and to present the same to appellees for their inspection and objections and agreement, and, the parties having failed to agree upon such statement of facts so presented to attorneys for appellees, appellants' attorneys pursued their legal rights in making this fact known to the trial judge, and it then became the duty of the trial judge to prepare or cause to be prepared a statement of facts in said cause, and to file the same as a part of the record therein. This, we think, is substantially what the trial judge did. It is true the attorneys for appellees did not present to the trial judge a statement of facts prepared by them, and thus aid the trial judge in preparing a statement of facts by comparing both such statements so presented to him; but attorneys for appellees merely suggested or requested that the trial judge cause the stenographer to transcribe his notes taken on the trial in question and answer form, and from such notes the trial judge was requested by attorneys for appellees to prepare and file a statement of facts in the cause. The trial judge was not compelled to comply with such request on the part of attorneys for appellees, but might have approved the statement of facts presented to him by the attorneys for appellants, if he believed the same to be a correct and full statement of the facts adduced upon the trial; but he was also authorized to have the stenographer transcribe such portions of his notes or perhaps all of them, if the trial judge thought necessary for the purpose of aiding him to prepare a statement of facts in the cause, and this, according to the certificate of the trial judge, is what he did. It is clear that neither party to this cause made a formal request of the stenographer to transcribe his notes, as either had the legal right to do by paying him therefor, and therefore the statement of facts in this record was not prepared under the provisions of the stenographer's act, but, as we have stated, the statement of facts must be considered to have been prepared by the trial judge himself, in view of the disagreement of the parties, and we know of no law, and have been cited to none, providing that a statement of facts so prepared by the trial judge shall be chargeable as a part of the costs in the case. That the trial judge had the right to have the stenographer aid him in the preparation of the statement of facts in this case by transcribing his notes, and in the absence of any request from either party to the stenographer to do so, is settled, we think, by the decision of the Supreme Court of this state in the case of Middlehurst v. Collins-Gunther Co., 100 Tex. 349, 99 S. W. 1027.

Therefore, after careful consideration of appellants' motion to retax the costs in this case, and to relieve them of the payment of the item of $86.20 shown to be for the statement of facts in this cause, we think the same should be sustained, and it is accordingly ordered that the judgment of this court as heretofore entered, taxing all the costs against the appellants, be modified to the extent of relieving them of the payment of said item of $86.20, as for the statement of facts in this cause.