## COPELAND v. HILL et al.

### No. 8789.

Court of Civil Appeals of Texas. Austin.

March 8, 1939.

Rehearing Denied March 29, 1939.

G. O'Neal Dendy, of San Angelo, for appellant.

W. A. Johnson and Robert P. Brown, both of San Angelo, for appellees.

BLAIR, Justice.

Appellee, Howard J. Hill, joined by three associates, sued appellant, Gay Copeland,

for breach of contract of employment, alleging that they had an oral contract with him to make radio music for him until November 17, 1937, at $10 per man per week; that the oral contract was continued or supplemented by a written contract in July, 1937, wherein the terms of the oral contract were continued through the original period of employment, November 17, 1937; that about September 1, 1937, appellant fired all of the four employees who gave radio programs advertising his gas business, and refused to pay them for the remainder of the period of employment; and that the claims of the four employees aggregated $340, all of which were assigned before the trial to appellee, Howard J. Hill. A trial to the court without a jury resulted in judgment for appellees for the sum of $340; hence this appeal.

Three propositions are raised by the brief of appellant:

1. Was the contract sued upon a written contract?

2. Did appellee and his associates exercise ordinary care to procure other work in mitigation of damages?

3. Under the pleadings of appellant, was appellee required to show diligence in minimizing damages because of wrongful discharge by appellant?

These were the questions which the trial court specifically passed upon in his findings of fact and conclusions of law; and determined each of them favorably to appellee. A review of the evidence fully sustains the judgment of the trial court.

Appellee and his three associates were employed by appellant to make radio music. Appellant contended that he did not employ them for any definite period of time, and did not sign the alleged written contract.

The evidence of appellee showed that the four were employed first under an oral contract at $10 per man per week, until November 17, 1937. Either in July or August, 1937, after they had been employed for some three or four months and regularly paid for their services, a question arose as to whether they would be taken to the Centennial to perform radio or other musical services there. Appellant stated that he wanted a written contract which would bind them to render services for him until November 15, 1937; to which appellee and his associates agreed. The business manager of appellant drew up such a contract, which specifically provided for the payment of $10 per man per week, and that same should terminate November 15, 1937, with a specific option in favor of appellant to continue the employment under the terms of the contract. The manager of appellant called appellee Hill and his associates to appellant's office, and secured their signatures to this contract sometime in July or August, 1937; and the contract was left with the manager of appellant, or with his secretary; appellant not being present on the day the contract was signed. Shortly after the signatures of appellee and his associates were secured, appellant told the radio announcer under whom the musicians operated, that he had a written contract to continue their services. During the early part of September, 1937, appellant instructed the radio announcer to announce that the musicians were on their vacation and would return later. He paid the musicians for two weeks after they were given their vacation, but did not specifically inform them that their services would no longer be continued until several days later, if he ever told them specifically that their services were discontinued. The orchestra held themselves in readiness to continue their services upon notice; but no notice was ever given them to do so. They tried to obtain employment of like character, but were unable to do so prior to the expiration of the contract on November 15, 1937. Some of the four sought other character of employment, but did not secure employment. The written contract which appellee and his associates signed was left in the possession of appellant's manager or secretary, and continued in their possession; and neither of the musicians was ever notified that appellant had not signed the contract, and did not know such fact until after this suit was filed.

■ This evidence fully supports the finding of the trial judge that a written contract had been entered into between the parties. The law is too well settled to require an extensive discussion that, "when a contract between two parties is reduced to writing signed by one of them, and is accepted by the other, it is sufficient to impress upon it the character of a written instrument, and the law and the courts will treat it as such." Berryman v. Flake, Tex. Civ.App., 20 S.W.2d 803, 805; Johnson v. Tunstall, Tex.Com.App., 25 S.W.2d 828; 10 Tex.Jur., 265, and cases there cited.

The evidence above detailed also sustained the finding of the trial judge that appellee and his associates exercised reasonable diligence to secure employment of the same or similar character after their discharge and up until the contract terminated, November 15, 1937. In the case of Simon v. Allen, 76 Tex. 398, 13 S.W. 296, the Supreme court held that: "Plaintiff had the right to seek· for a reasonable time, the same character of employment that he had when he was discharged. If, after a reasonable time, it became evident that he could not procure employment as a clerk, it would have been his duty, in so far as it concerned his relation with his late employers, to seek other employment, for which he was fitted."

The evidence showed that appellant did not notify appellee and his associates that they had been discharged until some time in October, if at all. They sought employment of the same nature and found none during the latter part of October and up to November 15, 1937, when the contract of its own terms ended. Such evidence sustains the finding that appellee and associates · sought for a reasonable time the same character of employment.

These conclusions render unnecessary a discussion of the question of whether under the pleadings of appellant, appellee and his associates were required to show reasonable diligence to secure employment, and thus mitigate the amount of damages which they were seeking. Suffice it to say that generally whether an employe wrongfully' discharged has exercised reasonable diligence in procuring other work in mitigation of damages is a special defense of the employer, which defense should be raised by his pleadings and facts supporting them. Appellant filed no such pleadings, but merely filed a general demurrer, general denial, and a special plea that he had not employed appellee and associates for any definite period of time; and that he had not signed the written contract. Weber Gas & Gasoline Engine Co. v. Bradford, 34 Tex.Civ. App. 543, 79 S.W. 46; Southern Wells Sales Co. v. Eastham, Tex.Civ.App., 181 S.W. 698; Stolz v. Wells, Tex.Civ.App., 43 S.W. 2d:163.

The judgment of the trial court is affirmed.

Affirmed.