## ALFRED TUFTS vs. PLYMOUTH GOLD MINING COMPANY.

A. made a written proposal to a mining corporation, which owned mines in the interior of California, to engage with them as superintendent for three years, at a certain salary, and " expense of passage to the mines." The corporation voted to choose him as superintendent, at the salary named, and " to pay his expenses out to California." They also voted certain rules as ⸤o his duties, and required him to give a bond with sureties for the faithful performance of his duties. He gave the required bond, received a copy of the rules, went to the mines, and before the expiration of the three years was unjustifiably discharged. *Held*, 1. That the record of the above votes constituted a sufficient memorandum in writing to bind the corporation and take the contract out of the statute of frauds. 2. That the vote to pay A.'s expenses out to California should be construed to mean, to pay them to the mines. 3. That his acceptance of the votes requiring a bond, and establishing rules as to his duties, as modifications of his proposal, might be inferred from his acts.

Although a salary is payable in specie, and in California, where judgment upon such contract is by statute to be rendered for the amount due, payable in the kind of money specified in the contract, yet in an action brought upon it here judgment will only be rendered for the amount due, expressed in dollars.

If one who, by virtue of his employment as agent, is entitled to charge for his expenses, has properly paid in legal tender notes a premium for specie, to be used by him for such expenses, he may recover of his principal the full amount so paid by him in legal tender notes.

If one who has been employed to act as an agent for a term of years at a distant place, upon a certain salary, has been unjustifiably discharged before the expiration of his term, he cannot recover the expenses of his return home as a distinct item of charge; but, in estimating the actual loss to which he was subjected by reason of his discharge, the compensation agreed to be paid to him may be considered, and from this should be deducted such sum as by reasonable efforts he might have obtained for his time, and in determining how much he might have obtained for his time, regard may be paid to the necessary expenses in reaching a place where he might obtain suitable employment.

CONTRACT against a corporation established by law in this commonwealth, alleging an agreement between them and the plaintiff to employ him for three years as their agent and superintendent in California; and a breach of the agreement by the defendants, by discharging him before the end of the first year.

At the trial in this court, before *Gray*, J., the plaintiff put in evidence the record of the following votes by the defendants' directors, at a meeting held April 28, 1864 :

" *Voted*, That we do hereby choose Mr. Alfred Tufts, as agent and superintendent in California, for three years, at a salary of $2500 for the first year, $3000 for the second year, and $3500 the third year, payable in specie; he to be subject to removal by the directors for good and sufficient cause.

" Voted, To pay his expenses out to California.

" The agent in California shall, under the direction of the board of directors, have charge of the mine, and all operations in mining there; shall employ and pay all the men needed; shall keep full and accurate accounts of all his receipts and disbursements, and of the business done at the mines, and in California in proper books of accounts; shall send copies of his accounts to the treasurer on the first day of each month. He shall also, on the first day of each month, send the proceeds of the mine to the treasurer, in such way as he shall be directed by the treasurer. He shall, by letter, keep the treasurer fully informed of the state of the property and its prospects. He shall report twice in each year the state of the mine, with a schedule of the property and buildings on the same, and the condition thereof, and shall follow the instructions of the board of directors.

" He shall give bond for the faithful performance of his duties, in the sum of ten thousand dollars, with sureties to the satisfaction of the board."

The plaintiff also put in evidence a letter from the defendants' treasurer, dated June 8th 1864, inclosing a copy of the above vote in regard to the duties of the agent in California.

The defendants at a subsequent stage of the trial put in evidence the following proposal of the plaintiff to them : " Boston, April 26, 1864. Directors of Plymouth Mining Co. Gentlemen: I hereby propose to make an engagement with you, as superintendent for one year, for $2500 in specie, and expense of passage to the mines. Or for a term of three years, with an addition of $500 to the above salary for each succeeding year. Yours very respectfully, Alfred Tufts."

It appeared that the plaintiff, on the 7th of June, 1864, executed and delivered a bond to the defendants, which they accepted, for the faithful discharge of his duties as the defendants' agent and superintendent; received the letter of June 8th, with its inclosures, from the defendants' treasurer on the 9th of June , sailed for California, with his wife, on the 13th of June and then entered upon the office of the defendants' agent, from

which he was discharged by the defendants within one year afterwards.

The plaintiff testified that he was told of the vote of April 28th, appointing him agent for the term of three years, by one of the defendants' directors, but not by their treasurer, on the day of its passage, but never saw any of the votes until the copy was handed to him by the defendants' treasurer with the letter of June 8th, and then only so much as was contained in that copy; that he sailed for California in the employment of the defendants, as their agent and superintendent for three years, and received from them, before he sailed, a ticket for his own passage from New York to San Francisco, but no money · and that no other agreement was made between him and the company than what was contained in the votes of the defendants and the letter of their treasurer.

The defendants, having duly pleaded the statute of frauds as to contracts not to be performed within one year from the making thereof, contended that the plaintiff had not proved any sufficient note or memorandum in writing, signed by the defendants, or by some person by them lawfully authorized, of the promise, contract or agreement between the parties. But the judge overruled this objection, and instructed the jury that the votes of April 28th, and the subsequent acts of the parties, sufficiently proved a binding contract between them.

By agreement of parties, the only question submitted to the jury was whether the defendants had unjustifiably discharged the plaintiff. The jury returned a verdict for the plaintiff; upon which judgment is to be rendered, unless the ruling upon the statute of frauds entitles the defendants to a new trial.

The question of the rule of damages was reserved for the full court; and it was agreed that the amount of damages should be ascertained by an assessor.

The plaintiff offered in evidence the statute of California of 1863, *c.* 421, and also offered to prove the market value of gold and silver coined money of the United States, in treasury notes of the United States, at the times when his salary had fallen due; and claimed to be entitled to recover the unpaid balance

of the salary stipulated in the votes, in gold or silver, estimated at its market value, deducting what, he had been able to earn otherwise during the three years mentioned in the votes, and the travelling expenses of himself and his wife to California and back, a memorandum of which was produced, showing, among other things, charges for expenses from San Francisco in California to the defendants' mines; and offered to show that these expenses were paid as follows, namely, the outward expenses on the eastern coast in treasury notes; those on the western coast in gold coin, which he had purchased for the purpose with a larger nominal sum in treasury notes; the expenses on the return on the western coast in gold coin which he had received in California on account of his salary; and on the eastern coast in treasury notes, which he had bought with such gold coin. All questions of the rule of damages arising in the case were reserved for the determination of the full court.

*T. M. Hayes,* for the defendants. The plaintiff proposed to act as the defendants' agent for a certain salary, and the expense of passage to the mines. The defendants voted to employ him for that salary, and to pay his expenses out to California. There is a difference between the offer of the plaintiff, and the vote of the defendants. Besides this, the defendants annexed certain conditions to their employment of the plaintiff. They required a bond from him, and established certain rules to which it would be his duty to conform. Until these new terms were known to the plaintiff and assented to by him, there was no contract between the parties. But it is apparent that the plaintiff was never informed that the defendants had not consented to pay his expenses to the mines, because his memorandum of expenses includes a charge against them for his expenses from San Francisco to the mines. It thus appears that the minds of the parties never met upon this subject, and therefore there was no contract in writing by the defendants. *Hazard* v. *New England Insurance Company,* 1 Sumner, 218. *Tuttle* v. *Love,* 7 Johns. 470. *Hutchinson* v. *Bowker,* 5 M. & W. 535. *Hamilton* v. *Terry,* 11 C. B. 954. *Bayley* v. *Fitzmaurice,* 8 El. & Bl. 664. *Duke* v. *Andrews,* 2 Exch. 290.

The ruling of the judge withdrew from the jury questions which it was their peculiar province to determine, namely, whether there was a contract between the parties, and, if so, what that contract was. The defendants contended that there was no sufficient memorandum in writing by the defendants. The judge overruled this objection, and instructed the jury that the votes and subsequent acts of the defendants sufficiently proved a binding contract between them and the plaintiff. See *Johnson* v. *Trinity Church Soc.* 11 Allen, 127.

The plaintiff cannot, in any event, recover his wife's expenses to California; nor any additional sum as premium on account of his salary's being payable in specie; *Wood* v. *Bullens*, 6 Allen, 516; nor expenses incurred in returning from California; nor any sum, for loss of salary, beyond the actual loss sustained by him, after deducting all that he might have earned in other employments. 2 Greenl. Ev. §§ 261, 261, a. Mayne on Damages, 108. *Goodman* v. *Pocock*, 15 Q. B. 584. *Hochster* v. *De La Tour*, 2 El. & Bl. 691.

*T. H. Sweetser & G. B. Bigelow*, for the plaintiff. The defendants' records are a sufficient memorandum to satisfy the statute of frauds. *Chase* v. *Lowell*, 7 Gray, 33. *Johnson* v. *Trinity Church Soc.* 11 Allen, 123. The plaintiff is entitled to recover the full amount of wages promised, deducting what he may have earned after his discharge. *Costigan* v. *Mohawk and Hudson River Railroad*, 2 Denio, 609. *Cox* v. *Adams*, 1 Nott & McCord, (S. C.) 284. *Revere* v. *Boston Copper Co.* 15 Pick. 351. He should also be allowed the expenses of himself and family in removing to California. *Johnson* v. *Arnold*, 2 Cush. 46. The contract was to be performed in California, where judgment would be rendered payable in coin; and a similar judgment should be rendered here. St. of California of 1863, *c.* 421, § 2. *Carnegie* v. *Morrison*, 2 Met. 398. *Penobscot & Kennebec Railroad* v. *Bartlett*, 12 Gray, 244. *Carpentier* v. *Atherton*, 25 California, 564. *Galland* v. *Lewis*, 26 California, 46.

CHAPMAN, J. The plaintiff proposed to the defendants by letter to engage as their superintendent for a stated salary " and expense of passage to the mines." They voted to employ him

and pay the salary stated by him, and "to pay his expenses out to California." The defendants contend that this was not an agreement to pay his "expenses to the mines." But we think otherwise. He was to go to their mine in California; and the fair construction of their letter, taken in connection with his offer, is, that they were to pay his expenses to the place in California to which they employed him to go. Their vote, signed by their clerk, constituted a contract in writing, within the statute of frauds. *Chase* v. *Lowell*, 7 Gray, 33. *Johnson* v. *Trinity Church Soc.* 11 Allen, 123. The substance of the offer was made known to him, and he, with their knowledge, went out as their agent, to remain for the term of three years. The jury have found that he was unjustifiably discharged before the expiration of the term; and the only remaining questions relate to the damages which he is entitled to recover.

1. As to his salary; the statement in the contract that it is payable in specie does not alter the amount due. The case of *Wood* v. *Bullens*, 6 Allen, 516, has been too frequently affirmed to require further discussion of this point. See *Howe* v. *Nickerson, ante,* 400, and cases cited.

2. As to his expenses in going out; he is entitled to charge the amount of currency expended by him in buying gold to pay these expenses.

3. He is not entitled under the contract to charge the expenses incurred in returning home. If anything is to be allowed in this respect, it is to be included in the damages for the breach of the contract.

4. The damages for the breach of the contract are to be estimated in the currency in which the defendants have a right to pay it. As to the rule of damages, it must be so adapted to the circumstances of each particular case as to approximate as nearly as possible to a just compensation for the actual injury which the plaintiff has suffered. *Revere* v. *Boston Copper Co.* 15 Pick. 351. The compensation he was to receive is one of the elements to be considered, for that is the limit of what he would have received if he had been retained. But no premium is to be allowed upon it because it was payable in

specie. But his time was left to him. He was at liberty to dispose of it as he pleased, and he must deduct for it such sum as he might have obtained for it by reasonable efforts. In this view it becomes a pertinent inquiry where he might be obliged to go to find suitable and proper employment. If he was obliged to return home, or go elsewhere, the expenses of removal from the mines to the place of employment become a proper subject of consideration. There are numerous cases on the subject, but all of them vary in their circumstances. The case of *Johnson* v. *Arnold*, 2 Cush. 46, is unlike this case. Nor is it necessary to discuss cases like that of *Costigan* v. *Mohawk & Hudson Railroad*, 2 Denio, 609. The rule above stated will be a sufficient guide to the assessor to whom it is agreed to refer the matter.          *Judgment on the verdict.*