TICKLER, Respondent, vs. ANDRAE MANUFACTURING COMPANY, Appellant.

*February 4— February 23, 1897.*

*Master and servant: Damages: Waiver.*

1. By retaining in his service a servant, hired for a term to perform work requiring reasonable skill and diligence, after knowledge of the defective quality of his service, and by paying him the stipulated wages in proportion to the time he has worked without objection on that account, the master may waive such breaches of the contract as relate to the quality of the service. His doing so is at least *prima facie* evidence of such waiver.

2. In an action by the servant to recover wages for the balance of the term, on the ground of a wrongful discharge, he is not entitled to have his expenses in seeking other employment deducted from the credit to be allowed the master on account of wages earned elsewhere.

APPEAL from a judgment of the circuit court for Waupaca county: CHAS. M. WEBB, Circuit Judge. *Reversed.*

The plaintiff was hired by the defendant to work for a year for the agreed wages of $900 a year and $10 for his expenses of removing from Milwaukee to New London. Four months before the end of the year, plaintiff left the employment of the defendant; whether voluntarily or because the defendant discharged him was the main point in dispute. At the time when he left, the defendant paid him the wages in proportion to the time that he had worked, deducting something for lost time. He returned to Milwaukee, where he earned some wages. After the expiration of the year, he brought this action for the balance of the year's wages. The defense was that the plaintiff had quit work on his own accord and against the will of the defendant, and set up three grounds of counterclaim: (1) For damages, because it could not procure the work to be done for the agreed wages, but had to pay a higher wage; (2) for the $10 paid to defendant towards the expense of his removal to New London; and (3) for damages caused by the poor quality of his work. There was a jury trial, resulting in a verdict and judgment for the plaintiff.

For the appellant there was a brief by *Felker, Goldberg & Felker,* and oral argument by *C. W. Felker.*

*F. C. Weed,* for the respondent.

NEWMAN, J. The jury found for the plaintiff. This determines in his favor the principal issue in the case. It establishes in his favor that he did not abandon the performance of his contract of his own accord, and against the defendant's will; but rather that he was discharged by the defendant, against his will, and for insufficient cause. This, logically, eliminates from the case the defendant's first two counterclaims; for in this aspect of the case it is in no way the plaintiff's fault if the defendant was compelled to pay the party whom it hired to complete the plaintiff's contract more wages than the plaintiff was to have for the same

work, nor if it lost the advantage which it anticipated from its disbursement of $10 to aid in the removal of the plaintiff to New London. These losses are the natural consequences of its own act. The third counterclaim stands upon reasons somewhat different. The plaintiff's contract required of him reasonable skill and diligence in the execution of his work. Defective performance might furnish ground both for his discharge and for the recovery of damages against him. The trial court admitted the evidence so far as it went to show justification of the discharge, and excluded that which went to sustain the counterclaims. The verdict includes an implication of some force in relation to this contention. The jury considered either that there was too little of merit in this claim of defective service to justify the plaintiff's discharge, or they deemed this breach of the contract to have been waived and condoned by the defendant by its so long retention of the plaintiff in its service with knowledge. Either conclusion was competent under the evidence. The court instructed the jury that the defendant was not entitled to diminution of the plaintiff's recovery on account of such defective service. That the master may waive and condone such breaches of the contract of service as relate to the quality of service by retention of the servant in the service after knowledge of the breach, and by paying the stipulated wages at the stated times, without objection or protest on that account, cannot well be doubted. At least, when unexplained or unexcused, such retention for a long time after knowledge, and such payments, should be at least *prima facie* evidence of such waiver and condonation. Wood, Master & S. (2d ed.), § 123. No explanation or excuse was offered. The *prima facie* case not having been overcome by evidence of explanation or excuse, the court was right, both in its instruction and the exclusion of evidence. The plaintiff, after his discharge, being unable to find work at similar employment at New London, removed

to Milwaukee, where he obtained work and earned some
wages.   The jury was instructed, in effect, that in case they
found for the plaintiff upon the principal issue, they should
give him the amount of the agreed wages for the year, $900,
less such sums as he had earned and received from other
sources; and that to that result they should add the sum of his
reasonable expense in removing himself, his family, and stuff
from New London back to Milwaukee, which the testimony
showed to have been $35.   This was error, for, while the de-
fendant was entitled to be credited by the plaintiff's net earn-
ings only, yet it may fairly claim that its proper credit shall
not be diminished by any sum which he shall expend for his
own purposes, or for the convenience of his family.   The
expenses of the return of the family to Milwaukee were not
within the defendant's undertaking.   For this error the
judgment must be reversed.   But, as the amount of the
error is easily defined, a new trial may be unnecessary.

*By the Court.*— The judgment of the circuit court is re-
versed, and the cause remanded for a new trial, unless within
twenty days after the *remittitur* is filed in the circuit court
the plaintiff shall remit from the judgment $35 as of the
date of the verdict.   In case the plaintiff so remits, the judg-
ment is to stand for the balance.