GULF, COLORADO & SANTA FE RAILWAY COMPANY v. JIM JACKSON

Decided May 29, 1902.

**1.—Pleading and Charge—Issue Not Raised.**

It is reversible error for the trial court to submit to the jury an issue not raised by the pleading and evidence in the case, such as an agreement by the defendant to give plaintiff transportation back home from the place of his work,. where such agreement was not alleged or proved.

**2.—Contract of Hire—Breach—Measure of Damages.**

The measure of damages for breach of a contract of hire is ordinarily the difference between what would have been earned under the contract and what could have been earned by the exercise of reasonable diligence at other employments during the time covered by the contract, and in addition thereto any special damage which is pleaded and shown to have been in the reasonable contemplation of the parties at the time the contract was entered into as a probable result of its breach.

**3.—Same—Special Damages.**

Where defendant hired plaintiff to work at a distant point, and upon his arrival there he was refused employment, and being without means, suffered from cold, hunger, and exposure to the weather, the damages resulting from the causes last named are recoverable as being within the contemplation of the parties.

Appeal from the County Court of Harris. Tried below before Hon.. E. H. Vasmer.

*J. W. Terry* and *Chas. K. Lee,* for. appellant.

PLEASANTS, ASSOCIATE JUSTICE.—This suit originated in the Justice Court and there were no written pleadings. The statement on the justice's docket shows that the suit was brought to recover "damages for breach of contract, loss of time, inconvenience, and mental and physical suffering in consequence of such breach, and loss of wages promised." The amount claimed was $200. The plaintiff recovered a judgment in the Justice Court for the amount sued for. The defendant appealed to the County Court, and upon the trial in that court by a jury a verdict and judgment was rendered in favor of plaintiff for $100, from which judgment the defendant prosecutes this appeal.

The testimony in the case is conflicting. The evidence adduced by the appellee was in substance as follows: Appellee was employed by a duly authorized agent of appellant to go to Mill Creek, in Austin County, and work upon appellant's road. Said agent promised appellee that he would be paid from $1.25 to $1.50 per day for his services, and told him that the work, which consisted in relaying appellant's track, would last for a year. Appellee lived at Houston at the time he was offered said employment, and when he agreed to accept the offer he was furnished a pass over appellant's road from Houston to Mill Creek. Appellant's agent who sent appellee to Mill Creek told him that appellant would furnish him with board and lodging and would deduct 50 cents per day from his wages to pay for same. This agent knew at the time he sent

appellee to Mill Creek that the latter had no money and was without means of obtaining board or lodging. When appellee reached Mill Creek he went to appellant's agent who was in charge of the work, gave him a note from the agent who had sent him there, and asked to be given work. He was told that there was no work for him. He then asked for something to eat and this request was also refused. Appellee and several others who had been employed by the appellant at the time appellee was employed and had been sent with him from Houston, then walked from Mill Creek to Sealy, another station on appellant's road in Austin County, and requested the agent there to telegraph appellant's agent at Houston and inform him that they had been refused employment and request him to send them a pass to enable them to get back home. This telegram was sent, but the request for a pass was refused. Appellee slept out that night and the next day walked back to Houston. He had nothing to eat for about two days. The weather was very cold, and he suffered greatly from hunger, cold, and exposure. After his return to Houston appellee tried to secure other employment, but was unable to do so for four or five months.

On the other hand, the testimony introduced by the appellant would authorize the finding that the appellee, when he reached Mill Creek, was offered work by appellant's agent to whom he was directed to apply, but that he was not satisfied with the character of the work and refused to accept the employment. Such being the state of the evidence, the trial court, at appellee's request, gave the jury the following instruction: "If you find from the evidence in this case that there was a contract between the plaintiff and the defendant, and that it was a part of said contract that the plaintiff, Jim Jackson, was to be transported back to Houston at the close of his term of service, if any such term of service, or at any other time, and if you further find that the defendant railroad refused to so transport the plaintiff without any fault on his, the plaintiff's part, and that the plaintiff, Jim Jackson, was compelled to walk or find other means of transportation than that agreed on, if any such, then in rendering your verdict you will take into consideration any damages, if any such damages, that resulted from the plaintiff having to so provide his own means of transportation."

This charge was clearly erroneous in that it presented an issue not raised by the pleadings or the evidence. Appellee does not allege in his pleading that appellant agreed to give him transportation back to Houston after the termination of his contract of service, or in event he should from any cause fail to enter appellant's service after he reached Mill Creek, and there is not a word of testimony to this effect to be found in the record. It is a settled rule of decision that it is reversible error for a trial court to submit to the jury an issue not raised by the pleading and evidence in the case. The reason for the rule is that by the submission of the issue the jury are led to believe that in the opinion of the court there is evidence in the case to raise such issue and the same is supported by the pleading, and they are thus influenced to return a

verdict which they would otherwise not have rendered.  The enforcement of this rule is specially demanded by the facts of this case.  As before stated the testimony is conflicting, and the jury might very well have found that appellant had not breached its contract to give the appellee employment, and yet have concluded under this charge that it was appellant's duty to give appellee transportation back to Houston, and that its failure to do so rendered the appellant liable for any damages sustained by the appellee by reason of his not being furnished transportation home.

We do not deem it necessary to consider appellant's remaining assignments in detail, but will content ourselves with a brief statement of our conclusion upon the material issues presented.

The evidence is, we think, sufficient to show that appellant contracted to employ the appellee for a year, provided the work of repairing its track was not complete before the expiration of that time.  It was not necessary in order to make this contract binding upon appellant that the appellee should have agreed to work for that length of time.  It was competent for the parties to make a contract binding upon one of them for a certain length of time, but which the other might terminate whenever he saw fit.  Such being in our opinion the character of the contract shown by the evidence in this case, the appellant would be liable for all of the damages which were directly caused by its breach of the contract.  In order for appellee to recover the wages which he would have earned under the contract, he must show that he used due diligence to obtain other employment and failed to do so, and any amount which he may have earned from other sources should be deducted from the amount he would have earned under the contract.  While the evidence as to appellee's efforts to secure other employment and as to what portion of the time covered by the contract he was unable to secure other employment is meager and somewhat unsatisfactory, we can not say that, in the absence of any contradictory evidence on the part of appellant, it was too indefinite and uncertain to support a finding for any wages due under the contract.  While the measure of damages for a breach of a contract of hire would generally be the difference between what would have been earned under the contract and what could have been earned by the exercise of reasonable diligence at other employments during the time covered by the contract, such is not the exclusive measure of damages.  If any special damage is pleaded which is shown to have been in the reasonable contemplation of the parties at the time the contract was entered into as a probable result of its breach, the special damages so shown can be recovered in addition to the damages which would ordinarily result from the breach of the contract.  The appellee in his pleadings claimed damages not only for the wages he would have earned under the contract, but for the inconvenience and suffering he sustained by reason of its breach.  The evidence shows that appellant's agent was informed before appellee left his home that he was without money or means of any kind with which

to procure food and lodging, and that appellant agreed and promised to furnish same and to reimburse itself out of the wages to be earned by appellee under his contract of employment. Under these facts we think appellee was entitled upon the breach of the contract by the appellant to recover not only for the wages shown to have been lost by him by reason of such breach, but also damages for the suffering sustained by hunger and exposure to the weather, such damages being clearly within the reasonable contemplation of the parties as a probable result of the breach of the contract.

In view of another trial it would not be proper for us to express any opinion upon the weight of the evidence on the issue as to whether or not the appellant breached the contract, and appellant's assignment which attacks the judgment as being contrary to the great weight and preponderance of the evidence is not passed upon. For the error in the charge above indicated, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*