No. 30,357.

H.. D. RENCH, *Appellee*, v. THE HAYES EQUIPMENT MANUFACTURING COMPANY, *Appellant*.

(8 P. 2d 346.)

Opinion filed March 5, 1932.

*H. W. Hart, Glenn Porter, Enos E. Hook, Edward H. Jamison* and *Getto McDonald*, all of Wichita, for the appellant.

*James A. Conly, J. T. Rogers* and *E. E. Enoch*, all of Wichita, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action to recover damages for the wrongful discharge of plaintiff from his employment in the defendant company, a Wichita corporation.

It appears that on April 9, 1929, the plaintiff, then a resident of Racine, Wis., entered into a written contract with defendant whereby he became sales director of defendant's products on a five-year term of employment at a compensation which was to be paid partly in a salary of $250 per month and the balance at specified percentages of the net profits of the company.

Pursuant to this contract plaintiff left Racine and arrived in Wichita and reported for duty on April 15, 1929. Shortly thereafter the president of the defendant corporation, who was in poor health, went to Colorado for the summer. Plaintiff soon became

dissatisfied with his contract of employment and repeatedly expressed to the vice president of the company his desire to obtain a new contract. It may be inferred that his dissatisfaction arose from the poor prospect that his promised percentage of profits of the company would contribute anything toward his compensation. The vice president planned to go to Colorado to talk over business affairs with the president, and before he departed, on August 21, 1929, in response to plaintiff's repeated urging, he said he would present the matter to the president. A few days later, on August 26, plaintiff received a letter from defendant as follows:

"MR. H. D. RENCH: . . . I have been requested . . . to ask for your resignation, to become effective September 1, 1929, or sooner. If any further information is required, suggest you take such matters up with Mr. Hart, our attorney. . . . (Signed) L. A. GENSCH, "THE HAYES EQUIPMENT MFG. CO."

This was followed on August 29 by a telegram from the president of the company, which read:

"You are hereby discharged effective August thirty-first this year."

The business of the defendant company was manufacturing and selling equipment for filling stations, such as pumps, oil tanks and the like. Plaintiff searched without success around Wichita for employment in that line of business. He then went to Kansas City, Chicago and Racine, on a similar errand, returning by way of Chicago, Fort Wayne and Kansas City. While in Racine he had an offer of employment from his former employers in that city; and on September 17, 1929, he wired this Racine company:

"Will report for work Monday, if satisfactory; please wire Wichita."

This telegram brought a satisfactory response the following day, and accordingly plaintiff returned to Racine.

In due time he brought this action, pleading various damages, which eventually were narrowed down to compensation for loss of salary from the time of his discharge by defendant until his re-employment in Racine, and for reimbursement for his expenses in moving his family from Racine to Wichita, seeking employment in other cities, and moving back to Racine.

On joinder of issues the cause was tried before a jury and evidence at length was introduced. Among matters elicited by the defense was the fact that on September 20 the defendant company offered to reinstate him in a letter which read:

"Hayes Equipment Mfg. Company—General Office.

"Wichita, Kan., U. S. A., Sept. 20, 1929.

"Mr. H. D. Rench: . . . You are hereby requested to go to work for this company as soon as possible under your contract dated April 5, 1929. Your salary as provided in the contract will be paid since September 1 of this year when you resume work.

"If you refuse this request this company does not waive any rights for defenses which it now has against you. . . .

"The Hayes Equipment Mfg. Co.,
"By L. A. Gensch, Manager."

The jury returned a general verdict in favor of plaintiff for $755.24, and in answer to special questions itemized the sums included in their verdict, a summary of which follows:

Expenses of plaintiff in moving from Racine to Wichita.............. $161.90
Allowance for loss of salary....................................... 190.00
Expenses seeking employment in other cities........................ 152.00
Expenses returning from Wichita to Racine.......................... 190.00

It may be noted that the aggregate of these items does not correspond with the general verdict, but that fact is not criticized by defendant. The trial court instructed the jury that if the jury should find in favor of plaintiff interest should be added from September 22, 1929, until the date of the verdict, which was January 26, 1931. This may have been done; but it appears that when judgment was entered in plaintiff's behalf on the verdict (slightly modified by the court) interest was also allowed from August 31, 1929, until January 29, 1931. The trial court's slight modification of the general verdict was made on this theory: Plaintiff's expenses in moving to Wichita were incurred on the assumption that he was to have a five-year term of employment. As it turned out his employment lasted about four and a half months, which the trial court computed to be about one-tenth of his contract term, and that he should therefore bear one-tenth of the expense (figured at $19) of moving from Racine to Wichita. The jury's verdict was therefore reduced to $736.24 and judgment was entered thereon.

Defendant presents certain errors for our review.

It is first contended that plaintiff was not entitled to any damages for the reason that his conduct was such as to subject him to a lawful discharge. This contention is predicated on the theory that an employee who is dissatisfied with his salary or wages will not loyally

serve his employer, and that the latter is justified in discharging him. The conclusion that disloyalty or other prejudice to the interests of an employer necessarily follows from an employee's dissatisfaction with his compensation does not commend itself to our view. There was no evidence of plaintiff's misconduct, delinquency or disloyalty. While there was evidence on behalf of defendant that plaintiff expressed a determination to seek other employment at a better salary, that evidence was not in accord with plaintiff's testimony and obviously was not fully accredited by the jury. Be that as it may, the trial court gave an instruction to the jury that while plaintiff had the right to propose and discuss with his employer the making of a new contract, yet if the jury should find that prior to his discharge on August 29, 1929, he had stated in substance to some executive officer of the company having power to discharge employees that he was dissatisfied with his contract, or that he was looking for another position, or that he intended to resign, or if by words or acts plaintiff led officers of defendant to believe that he intended to cease working under his contract, then defendant had a right to discharge him and he could not recover.

This court holds that this issue of fact was neither inaccurately nor unfavorably submitted to the jury under such an instruction touching the pertinent law.

Another and related error pertains to the overruling of defendant's motion for an instructed verdict. In support of this, appellant quotes an excerpt from the testimony of one of its witnesses which reads:

"Well, he had said he was going to quit; said he was looking for another job; he had said for approximately a month prior to that that he was looking for another job, and he was taking sides with Mr. Harks [another employee who was discharged] against the owners of the company, and said he was dissatisfied with his job, and after he became dissatisfied with his job I didn't think he was satisfactory to the Hayes; he wasn't to me anyway. . . . In a general way the outline I gave covers the reasons that caused Mr. Hayes to discharge Mr. Rench. One of the reasons was that he was going to quit, another was that his work was satisfactory only up until the last month."

But the trial court could not properly have directed a verdict on that testimony unless its truth and accuracy were conceded, which, of course, was not the case. And, indeed, it is not remarkable that neither court nor jury attached credence to it, since defendant's answer pleaded and its letter to plaintiff of September 20, quoted

above, alleged and proved that defendant requested plaintiff to resume work notwithstanding his discharge and that if he complied his salary during the time he was laid off would be paid to him. It is clear that when that letter was written all questions of plaintiff's disloyalty had been forgotten, if they ever existed.

Four errors are predicated on the instructions given and refused. Three of these have been examined, but we discern nothing in them which should affect the general result nor which would justify discussion.

The second and seventh errors assigned may conveniently and briefly be disposed of together. Defendant contends that plaintiff was not entitled to his expenses in securing other employment even if he was wrongfully discharged, and that its requested instructions Nos. 1, 13 and 14, which dealt with this point as well as the matter of his expenses moving from Racine to Wichita and return, should have been given. The trial court instructed that if the main facts in issue were found in favor of plaintiff he was entitled not only to reimbursement for loss of salary while he was out of employment, but that he was entitled to recoupment for his necessary and reasonable expenses in seeking other employment. The trial court did not in *haec verba* instruct the jury that if plaintiff was wrongfully discharged he would also be entitled to recover his expenses in moving from Racine to Wichita and in returning to Racine, unless that theory of the law was intended by part of an instruction which stated that, if the facts were thus and so, the jury should add to the amount allowed for loss of salary the necessary and reasonable traveling expenses incurred by him up to September 23, 1929, when he went to work for the Hamilton Beach [Racine] Manufacturing Company. The record makes it clear that the action was tried on that theory. It is reflected in the general verdict and special findings; and indeed it is now the position of plaintiff that all these items were properly included in the verdict and judgment.

So far as concerns the items of expense by plaintiff in seeking to find other employment, some of the justices of this court are inclined to criticize so much of this expense as was incurred by plaintiff in going so far afield as Fort Wayne to seek employment. We are all agreed that defendant would not be liable for such expense if plaintiff had seen fit to go the length of Los Angeles, Boston, or New Orleans, in search of employment. Expenses in seeking other employment, if allowable at all, must be reasonable, and what would

be reasonable would depend upon all the circumstances. There is good authority for the view that such an element of damages is allowable on wrongful discharge. In 2 Sedgwick on Damages, 9th ed. § 667, the rule is stated:

"In an action brought by a servant for breach of the contract of employment by his wrongful discharge, the measure of damages is the actual loss inflicted by the discharge. It is the plaintiff's duty to use reasonable efforts to avoid loss by securing employment elsewhere. The measure of damages is, therefore, *prima facie* the amount of wages he would have earned under the contract, deducting, however, such sums as he earned or by reasonable diligence might have earned elsewhere, and making allowance for the expenses of obtaining employment."

The early case of *Tufts v. Plymouth Gold Mining Co.*, 96 Mass. 407, was an action by a mining superintendent for his wrongful discharge. He had been sent out to California on a three-year contract of employment, with "expense of passage to the mines." In his action for damages the court held that while plaintiff was not entitled to recover the expenses of his returning home, he was entitled to his necessary expenses in reaching a place where he might obtain suitable employment.

In a later Massachusetts case, *Dickinson v. Talmage*, 138 Mass. 249, it was held that on the wrongful discharge of an apprenticed employee, the measure of his damages included the father's reasonable expenses in obtaining new employment for the lad after the breach.

In *The Pennsylvania Company v. Dolan*, 6 Ind. App. 109, 51 Am. St. Rep. 289, one of the pertinent headnotes reads:

"In an action for damages because of a breach of a contract of hire, the servant may treat the contract as continuing in force, and in such case the measure of damages would be the amount of wages he would have earned under the contract, deducting all such sums as he earned, or by reasonable diligence might have earned, elsewhere, and making allowance for the expenses of obtaining employment."

*Van Winkle v. Satterfield*, 58 Ark. 617, 23 L. R. A. 853, is to the same effect.

We note that the case of *Tickler v. Andrae Mfg. Co.*, 95 Wis. 352, is at variance with the foregoing. The second section of the syllabus states the rule which prevails in Wisconsin:

"In an action by the servant to recover wages for the balance of the term, on the ground of a wrongful discharge, he is not entitled to have his expenses in seeking other employment deducted from the credit to be allowed the master on account of wages earned elsewhere." (Syl. ¶ 2.)

A comprehensive and instructive note on the subject of remedy of wrongfully discharged servant by action for damages is found in 6 L. R. A., n. s., 49-121. In this annotation, which cites and considers a wealth of cases, there is scant authority for the allowance of damages for expenses going to and from the place of wrongful discharge, although in *Woodbury v. Jones,* 44 N. H. 206, and *Moore v. Mountcastle,* 72 Mo. 605, it is held that where one is induced to come from a distance on the faith of a contract of employment which is breached from its inception the wronged party is entitled to damages, which would include such as naturally flowed from the breach, and these might very reasonably include the expense of coming from and returning to his home.

Defendant presses the point that it requested plaintiff to return to work on September 20. It argues that the telegrams which passed between plaintiff and the Racine company on September 17 and the following day do not show a binding contract. Supplementing the telegrams, however, was plaintiff's testimony, together with the circumstances, which make it reasonably clear that prior to defendant's request of September 20, plaintiff had made a contract of employment, and he could not be expected to break it in order to return to the service from which he had been wrongfully discharged.

This court holds that the judgment rendered in plaintiff's behalf requires to be substantially modified as follows: Plaintiff is entitled to the item of $190 for loss of salary and to interest thereon from September 23, 1929. He is also entitled to the summarized item of $152 for expenses in seeking other employment as found by the jury, and he is entitled to interest on that amount from the date it was ascertained, January 29, 1931, which was on the date the judgment was entered. The other items and allowances included in the jury's verdict and in the judgment must be eliminated, and to that end the cause should be remanded to the district court with instructions to modify its judgment as outlined herein, and when so modified it will be affirmed.

It is so ordered.