## FARLEY v. UNIVERSAL MILLS.
### No. 4890.

Court of Civil Appeals of Texas. Amarillo.
April 25, 1938.

Maurice Short, of Fort Worth, and R. B. King, of Corpus Christi (James A. King, of Austin, of counsel), for appellant.

Coke & Coke, John N. Jackson, and Arthur E. Hamilton, all of Dallas, for appellee.

STOKES, Justice.

Appellant, R. H. Farley, was employed by appellee as its salesman in a southern Texas territory in October, 1929. There was no written contract, nor was the duration of his employment specified. His compensation consisted of commissions upon which appellee advanced him $65 each week, and the amount of his commission was changed from time to time by appellee. In the latter part of 1933 appellant and the manager of appellee had a conversation in which appellant informed the manager of rumors that had come to him concerning the purpose of appellee either to change his territory or discharge him. Appellant testified that in this conversation, the manager assured him he would be given reasonable notice, at least six months, before appellee would let him go, and that there was no intention on the part of the manager to discharge him at that time.

On November 14, 1934, appellee wrote a letter to appellant, the two pertinent paragraphs of which were as follows:

"The only thing we have to offer you, Mr. Farley, is the Fort Worth local territory. I think it has possibilities; at least, it has made a bonus for the last few months and I think has more potential possibilities than any single territory we have. If you care to discuss this with me, I suggest you come up and let's talk it over as it is necessary we know soon. Anyway, as far as the territory you are now working is concerned, you may consider this letter definite as to the change.

"I am sure, Mr. Farley, you are bound to recognize we all like you, personally, very much, but with the very close margin the mill has had to operate on, it is absolutely necessary that we either eliminate the unprofitable portion of the territory or bring up the volume to justify the expense. I know you realize we have been extremely patient with you and, of course, regret to have to make the change. It is always expensive and one of the most unpleasant jobs I have as an executive."

· In reply to this letter, appellant sent to appellee the following telegram: "Just received your letter. Trust you will continue this week's drawing account on account expense last week's misfortune. Need it badly. Will be there by middle of week." The telegram was forwarded November 16th. On the same day appellee telegraphed its reply to appellant as follows:

"Okey. Will adjust salary to December 15th.

"Universal Mills."

On the 29th of November appellant wrote and mailed to the manager of appellee the following letter:

"Dear Mr. Stone: After careful consideration, I have decided that I would not be interested in taking the Fort Worth territory and you will please accept this instrument as my resignation from your company.

· "I will appreciate your sending me status of our account as to date in order that it may be satisfactorily adjusted. Thanking you for past considerations, I am,

"Very truly yours,   R. H. Farley."

Appellant testified he immediately accepted employment from Kimbell Milling Company and began working for them in the same capacity on the 15th of December, 1934, and that his net compensation was approximately the same as that which he had been receiving from appellee.

Appellant filed this action in the 117th district court of Nueces county on May 22, 1936, and, appellee's plea of privilege being sustained, the venue was changed to the 48th judicial district of Tarrant county, where it was tried on the 8th of February, 1937.

The action is based upon an alleged breach by appellee of the contract of employment, appellant measuring his damages by the salary which he would have earned during the six months following November 15, 1934, the date of the letter which appellee wrote to appellant, notifying him of the contemplated change in appellant's territory.

A jury was impaneled to try the case, but at the close of appellant's testimony, upon motion of appellee, the trial judge instructed the jury to return a verdict in favor of appellee, and upon the return of such verdict, judgment was entered to the effect that appellant take nothing by his suit.

Appellant filed a motion for a new trial and, upon its being overruled, he duly excepted and gave notice of appeal.

The first contention made by appellant is that the effect of the letter written to him by the manager of appellee on November 15, 1934, was to discharge him from his employment and that such discharge took effect immediately, in violation of his contract of employment, and that his removal from his established territory to the territory of Fort Worth was, in effect, a wrongful discharge.

We cannot agree with appellant in these contentions. We do not interpret appellee's letter of November 15th as a discharge of appellant from his employment. It does not so state, and there is nothing in the record showing that the contract deprived appellee of the right to make a change in appellant's territory unless it could be said that such was the result of the conversation between appellant and the manager of appellee in the latter part of 1933. Appellant claims that, in that conversation, a contract was made whereby appellant would not be discharged or his territory changed without at least six months notice. We do not construe the conversation as containing the elements of a contract, but if it had been such and had contained a provision under which appellee entered into a contract not to make a change in appellant's territory without giving him at least six months' notice, that act on the part of appellee does not constitute the basis of the suit. Appellant brought his suit for damages occasioned by his alleged discharge from employment. Whether or not, therefore, appellee had agreed not to change appellant's territory without such notice, would be immaterial, since that is not the alleged wrongful act of which appellant complains. His contention is that the effect of the letter was to discharge him from his employment in violation of the contract which he made with the manager of appellee in the con-

versation referred to. We do not construe the letter referred to as being a discharge of appellant. He was told in the letter that the only thing appellee had to offer him was the Fort Worth local territory and that, if he cared to discuss it, he may come to Fort Worth and talk it over with the manager of appellee. In reply to the letter appellant immediately dispatched a telegram to appellee in which he acknowledged receipt of the letter, requested appellee to continue his expense account through another week, and stated he would be at Fort Worth by the middle of the week. On the 29th of November, some fourteen days after receiving the letter, appellant wrote and mailed to appellee a letter in which he definitely resigned his position, and the record shows that this letter was the first suggestion in the correspondence of a disruption of the relationship between them.

█ Appellant cites us to the case of Wolf Cigar Stores Co. v. Kramer, 50 Tex. Civ.App. 411, 109 S.W. 990, as authority for his position in the instant case. The basis of Kramer's suit in the cited case was a definite contract under which he was employed for a definite period of time to perform specific services. There being no such contract in the instant case, we do not consider the Kramer Case applicable. Under the record in this case, appellee had the right to discharge appellant at any time it desired to do so unless it was forbidden by force of the conversation between its manager and appellant in the latter part of 1933. Our interpretation of that conversation is that it did not amount to a contract but merely a declaration by the manager of appellee as to the policy it intended at that time to pursue. There was no consideration upon which to base a new contract. Appellant was already employed by appellee. In our opinion, the conversation referred to did not change the contract theretofore existing, and it certainly did not amount to a new contract. There is, in our opinion, no merit in these contentions of appellant and they are overruled.

██ The next contention made by appellant is that the trial court erred in basing an instructed verdict on the letter written by him to appellee November 29, 1934. His contention in this regard is that, having already been discharged by appellee, he did not have a position on the 29th of December from which he could resign and that his letter of that date amounted to nothing. We have held that the letter written by appellee to appellant November 15th did not have the effect of discharging him. If we are correct in that holding, it necessarily follows that there is no merit in appellant's contention under these assignments. The effect of the letter was, not to discharge appellant, but to change the territory in which appellee desired him to work. There is nothing in the record which indicates appellee did not have the right to change appellant's territory and, when it was changed, appellant, not being satisfied with the change, resigned his position and, even if it could be said that appellee was under contractual obligation not to discharge appellant or change his territory until he had been given six months notice, his letter of November 29th would have been effective as a resignation because under no interpretation of the relationship between them could it be said he could not resign at any time he desired to do so. We overrule these assignments.

██ The testimony of appellant shows that he was paid by appellee to the 15th of December, 1934, at which time his employment with Kimbell Milling Company began. It shows, furthermore, that his net earnings with the latter company were approximately the same as his earnings had been during his employment by appellee. Under this testimony and these admissions of appellant, even if it could be said that he was summarily discharged by appellee and that such discharge was a violation of the contract as claimed by him, under the rules of law governing such matters, he was not damaged and, therefore, he will not be permitted to maintain an action for damages for such discharge. Wolf Cigar Stores Co. v. Kramer, supra; Gulf, Colorado & S. F. Ry. Co. v. Jackson, 29 Tex.Civ.App. 342, 69 S.W. 89; Litchenstein v. Brooks, 75 Tex. 196, 12 S.W. 975; Simon v. Allen et al., 76 Tex. 398, 13 S.W. 296; San Antonio & A. P. Ry. Co. v. Collins, Tex.Com.App., 61 S.W.2d 84.

We have examined all of the assignments of error and propositions presented by appellant and, finding no error in the record, the judgment will be affirmed.