MOORE COUNTY CARBON CO. v. WHITTEN.

No. 5165.

Court of Civil Appeals of Texas. Amarillo.

May 20, 1940.

Rehearing Denied June 3, 1940.

Don Emery and R. L. Foster, both of Bartlesville, Okl., and E. H. Foster and Tom D. Lumpkin, both of Amarillo, for appellant.

Archer & Archer, of Corpus Christi, and Shannon, Ochsner & Little and Joe Harlan, all of Amarillo, for appellee.

JACKSON, Justice.

The appellee, M. O. Whitten, instituted this suit against the appellant, Moore County Carbon Company, a corporation, to recover the sum of $1,400 damages—the wages he would have received as employee—under a supplemental contract with appellant, between March 29, 1938, and March 1, 1939, but for the breach of said employment contract and the wrongful discharge of appellee by appellant. In the alternative he asked that in the event it was held that his contract with appellant covered only the period of time between March 29, 1938, and August 1, 1938, he be adjudged a recovery for the sum of $540 for said breach and wrongful discharge.

The appellee attaches a copy of the contracts or working agreements upon which he sues to his petition and makes them a part thereof.

The facts alleged as a cause of action will sufficiently appear in the issues submitted to the jury and their findings thereon, and an extended statement of the allegations is unnecessary.

The appellant answered by general demurrer, numerous special exceptions and general denial.

The appellee was admittedly discharged March 29, 1938, by the appellant.

In response to special issues submitted by the court the jury found, in effect, that the appellee requested C. C. McIntosh, the superintendent of appellant, to appoint a member of a settlement committee as stipulated in the agreement to serve in adjusting the differences between him and appellant growing out of his discharge; that the superintendent refused to appoint or name anyone to act as a member of such committee; that the appellee, within five days from the time of his discharge, gave written notice to the superintendent that he was contesting his discharge; that the superintendent informed appellee about March 30, 1938, that the company would not submit any controversy concerning appellee's discharge to arbitration; that appellee would have voluntarily continued in the employment of the appellant company until August 1, 1938, had he not been discharged; that the appellee was not given permission by the superintendent of the

company to absent himself from work on the afternoon of March 19, 1938.

On these findings judgment was rendered for appellee for the sum of $528 with interest at 6% per annum from August 1, 1938, until paid.

Appellant assigns as error the action of the court in overruling its general demurrer to appellee's petition and in refusing to direct a verdict in its behalf because the working contract or agreement was indefinite and uncertain as to the period of time appellee should be employed since he was not required to remain in the employ of appellant for any definite period nor appellant required to keep appellee employed for any definite time.

The provisions of the contract material to a consideration of these assignments are that the agreement was made between the appellant and the Moore County Carbon Company Employees' Association, composed of a majority of the employees at said plant, and provided the agreement should be effective from August 1, 1937, until August 1, 1938, and each year thereafter unless cancelled or notice of a desire to amend was given by one party thirty days prior to any anniversary of the agreement; that the employees should work forty hours per week at the rate of 75¢ per hour, also stipulates for lay-offs, re-employment, promotions and seniority.

■ It will be observed that the working agreement provides that it shall be effective for one year. There is no stipulation for a penalty or liquidated damages to ·be charged to either party on ·account of a breach but the law is that an employee who is ready and willing to perform his part of the contract of hire who is unlawfully discharged during the term agreed upon may maintain an action for damages. · 29 Tex.Jur. 33, para. 17.

In Gulf, C. & S. F. Ry. Co. v. Jackson, 29 Tex.Civ.App. 342, 69 S.W. 89, 91, the court holds: "The evidence is, we think, sufficient to show that appellant contracted to employ the appellee for a year, provided the work of repairing its track was not complete before the expiration of that time. It was not necessary, in order .to make this contract binding upon appellant, that the appellee should have agreed to work for that length of time. It was competent for the parties to make a contract binding upon one of them for a certain length of time, but which the other might terminate whenever he saw fit. Such being, in our opinion, the character of the contract shown by the evidence in this case, the appellant would be liable for all of the damages which were directly caused by its breach of the contract."

■ The general rule is, under the decisions of this State, that a working agreement which may be terminated at the will of ·one of the parties may also be terminated by the other party but in the cases so holding there was no express agreement by the employer not to wrongfully discharge the employee and a contract which so stipulates does not fail for want of mutuality, certainty or consideration. St. Louis, B. & M. Ry. Co. v. Booker, Tex. Civ.App., 5 S.W.2d 856. To the same effect is the holding in Harper et al. v. Local Union No. 520, International Brotherhood of Electrical Workers et al., Tex. Civ.App., 48 S.W.2d 1033.

In Mansell v. Texas & P. Ry. Co. et al., Tex.Com.App., 137 S.W.2d 997, 999, in answer to the certified question, "Does the fact that appellants allege a contract of employment that is wholly indefinite as to the term of such employment make of appellants' suit a cause of action upon a contract terminable at the will of the employer?", the court holds that such a contract of employment could not be terminated with impunity by the employer even though indefinite as to the time employment should continue.

■ While in our opinion this contract provided that employees should work for the company at the price stipulated therein for one year, a definite time, but should we concede that it does not, nevertheless, under the authorities, the appellant would not be authorized to breach such contract and wrongfully discharge an employee because the time of the employment was not certain and definite.

The appellant presents as error the action of the court in refusing to direct a verdict in its behalf since article 6 of the working agreement stipulates · for the ad-·· justment by arbitration of all disagreements and disputes arising between employer and employee under the terms of the agreement or on account of the discharge by appellant of an employee and there was no evidence, it asserts, to show that appellee complied with these stipulations for arbitration and none that appellant prevented appellee from complying therewith.

Article 6 of the working agreement is as follows:

"*Application of Agreement and Settlement of Disputes.*

"Adjustments of any misunderstanding, dispute, or disagreement arising out of the application of the terms of this agreement, or by reason of the discharge of an employee, shall be handled as follows:

"(a) The employee affected shall, personally, or through the Moore County Carbon Company Employees Association's Grievance Committee, first seek adjustment of the issue with the employee's immediate foreman.

"(b) Failing to secure satisfactory settlement, said grievance committee, or the employee himself shall have sufficient time to investigate and seek adjustment with the employee's foreman or with successive superior foremen up to and including the head of the department until satisfactory adjustment is reached.

"(c) If no satisfactory adjustment can be reached within ten (10) days after appeal finally to the head of the department, the case shall be referred to the hereinafter designated settlement committee for final decision, and the finding of the settlement committee shall be binding upon all parties concerned.

"(d) The settlement committee shall consist of one member to be appointed by the employee and one to be appointed by the Company. If this committee of two fails to reach an agreement on the controversy within ten (10) days, the two members shall then select a third member of the committee in order to enable agreement. If the appointees of the employee and of the Company fail to agree on the selection of the third member within five (5) days after the expiration of the ten (10) day period previously mentioned, then the Commissioner of Conciliation of the U. S. Department of Labor shall act as the third member, or appoint the third member.

"(e) In case of controversy over the discharge of an employee, the employee shall, within five (5) days from date of discharge, serve written notice upon the local superintendent of the Company of said complaint or controversy. He shall also file his complaint with the Moore County Carbon Company Employees Association's Grievance Committee who shall investigate the case and handle as herein-

above provided. In the event this committee holds that the employee was not unjustly discharged, then the case shall be closed."

It will be noted that article 6 stipulates that the employee affected may personally seek an adjustment with his immediate foreman. If he fails he may seek an adjustment with the superior foreman, including the head of the department, until a satisfactory adjustment is reached. If no adjustment is reached after appeal to the head of the department the case may be referred to a settlement committee which shall consist of one member appointed by the employee and one appointed by the company and if they fail to agree the two shall select a third member of the committee. If the two fail to agree on the third member the Commissioner of Conciliation of the U. S. Department of Labor shall either act as the third member or appoint the third member of the settlement committee.

The testimony shows without controversy that appellee sought to adjust the complaint he made concerning his discharge with his immediate foreman but, instead of attempting to adjust the difficulty, this foreman advised the appellee to see C. C. McIntosh, the superintendent. Appellee requested the chairman of the association to call a meeting of the grievance committee but the chairman refused. He applied to the superintendent for an adjustment of the dispute but received no consideration. He gave written notice to the superintendent, who was head of the department, of his desire to contest the discharge and requested the superintendent to appoint someone to act as a member of a settlement committee. According to the findings of the jury the superintendent refused to appoint anyone to act as such member and advised appellee that the company would not submit the controversy concerning the discharge to arbitration.

In 10 Tex.Jur. 442, para. 257, the law as announced by the writer is that a party in default may not complain of the recovery of damages nor set up a subsequent default by the other party to relieve his default or breach of the contract; nor may he urge a subsequent default by the other party where the contract provides for concurrent acts and one party refuses to perform or where the obligation of performance by one party presupposes the doing of some act by the other party which he fails or refuses to do.

In Miller et ux. v. Hodges et al., 260 S.W. 168, 172, the Supreme Court says: "It is a universal maxim that, where the obligation of a party depends upon a certain condition being performed, and the fulfillment of that condition is prevented by the act of the other party, the condition is considered as fulfilled." This rule is applied to the party who first breaches contracts of employment or working agreements. Sanderson v. Sanderson, 130 Tex. 264, 109 S.W.2d 744, and authorities cited. In our opinion, the record discloses without substantial dispute that appellant refused to do the acts required of it by the provisions of the contract and prevented appellee from .complying with section 6 providing how disputes and controversies should be settled between the employer and the employee, and is not in a position to urge as a defense the failure of appellee to comply therewith.

The appellant presents as error the action of the court in disregarding the finding of the jury on Special Issue No. 7 which, in effect, is that appellee was not given permission by the superintendent of the company, C. C. McIntosh, to absent himself from work on Saturday afternoon of March 19, 1938. The only provisions in the contract that would affect this contention are that an employee should report regularly for work as required or notify the company in advance of sickness or unavoidable conditions to prevent reporting; diligently fulfill the requirements of his job and render good service to the employer; that if he works in case of an emergency any week more than forty hours he should receive the same compensation for such overtime as he was paid per hour for regular work.

A motion for judgment was filed by both parties and a motion for judgment non obstante veredicto was urged by appellant and the court, after hearing counsel on the law, announced that in his opinion Special Issue No. 7 as submitted was immaterial under the pleadings and evidence introduced, should not have been submitted and should be disregarded in entering the judgment. We are of the opinion that the court was correct in holding that such issue was immaterial.

The appellee was permitted to continue work until March 29th although the superintendent knew he had been absent on the 19th. The appellee had already worked forty hours that week and was not required to work on the 19th since that was proration day according to the testimony of appellee and C. C. McIntosh, the superintendent. The contract does not require that an employee get permission to be absent from work the remainder of the week after he has worked forty hours. If it be conceded that when an emergency arises after the employee had done a full week's work and he knew of such emergency he should secure permission to be absent, no issue of such emergency on the Saturday afternoon in question was submitted to the jury and none requested and if such issue was incidental the court was authorized to pass on the issue. Ormsby et al. v. Ratcliffe, 117 Tex. 242, 1 S.W.2d 1084. If the issue was material to appellant's defense and it was entitled to have it submitted under its general denial, such issue was abandoned by the appellant. Wichita Falls & Oklahoma Ry. Co. et al. v. Pepper, Tex.Sup., 135 S.W. 2d 79. Appellant concedes that the appellee was discharged and the only fact presented for a justification therefor is the failure of appellee to get permission of the superintendent to be absent from work on Saturday afternoon of March 19th. The appellant was not authorized under this record to discharge the appellee. In this connection we cite 29 Tex.Jur. 29, para. 14; Elliott-Greer Office Supply Co. v. Martin, Tex.Civ.App., 54 S.W.2d 1068; G. A. Kelly Plow Co. v. London, 59 Tex.Civ.App. 208, 125 S.W. 974; Tickler v. Andrae Manuf'g. Co., 95 Wis. 352, 70 N.W. 292; Hamilton et al. v. Love, 152 Ind. 641, 53 N.E. 781, 54 N.E. 437, 71 Am.St.Rep. 384.

The appellee, in a cross-assignment, urges as error the action of the court in refusing to permit him to recover under the supplemental agreement entered into July 9, 1938, by the terms of which, if applicable to him, he contends that he was entitled to recover $1,400.

The ruling of the court on this contention of appellee, in our opinion, is correct.

The cross-assignment does not, however, require consideration. No appeal was prosecuted by appellant from the part of the judgment denying appellee a recovery on this supplemental contract. The appellee filed no motion for a new trial, filed no appeal bond and failed to perfect an appeal from the decree denying him a recovery under the supplemental contract. The appellee filed an exception to the ruling of the court denying him a recovery under the supplemental agreement but this is not sufficient to have this court review

the complaint made in the cross-assignment. Towery et al. v. Plainview Building & Loan Ass'n, Tex.Civ.App., 99 S.W.2d 1039, in an opinion on motion for rehearing, and authorities cited.

The judgment of the court is affirmed.