CROSS, Judge.
Appellant-defendant, National Service Industries, Inc. (National), appeals a final judgment in favor of appellee-plaintiff, R. Gordon Malloy, Jr. (Malloy), in an action for damages resulting from breach of an employment contract.
*371 Malloy and National entered into an oral contract of employment whereby Malloy was to work in Florida for one year at defendant’s office in Fort Lauderdale. The parties agreed that National would pay Malloy’s moving expenses from Malloy’s home in Atlanta, Georgia, to Fort Lauder-dale, Florida. Malloy immediately terminated his prior employment and moved to Florida, where he commenced work for National. Upon reaching Florida, Malloy was presented with a written contract which he refused to sign because the contract contained clauses that were materially different from those agreed upon orally. Further negotiations, which extended over approximately six months, were unsuccessful and Malloy was discharged. Malloy remained in Florida and attempted to start his own business. However, his efforts were unsuccessful, and after approximately six months he returned to Georgia.
Malloy filed this action against National alleging that National had breached the oral contract of employment by discharging him prior to the expiration of the one year employment contract. At trial, the court allowed the jury to consider as an element of damages the expenses incurred by the plaintiff in moving himself and his family back to Georgia. The jury returned a verdict for the plaintiff, defendant’s motion for new trial was denied, and this appeal followed.
The issue presented for our determination is whether the trial court erred in allowing the jury to consider as an element of damages defendant’s moving expenses from Florida to Georgia. The general rule is that a wrongfully discharged employee is entitled to reimbursement for his reasonable and necessary expenses in searching for other employment. Atholwood Development Co. v. Houston, 179 Md. 441, 19 A.2d 706 (1941); Rench v. Hayes Equipment Manufacturing Co., 134 Kan. 865, 8 P.2d 346, 84 A.L.R. 166 (1932). If an employee is obliged to return home or to go elsewhere to find suitable employment, the expenses of removal to the place of employment become a proper subject of consideration. Tufts v. Plymouth Gold Mining Co., 14 Allen (Mass.) 407 (1867). Any expenses incurred in seeking other employment must be reasonable, and what would be reasonable would, of course, depend upon all the circumstances. Rench v. Hayes Equipment Manufacturing Co., supra.
Here, however, the employee remained in Florida for approximately six additional months, becoming self-employed in a business similar to that from which he was wrongfully discharged, but his business suffered substantial losses, wherefore he returned to Georgia securing other employment. Plaintiff was fully compensated by the jury’s verdict for the entire period of employment under the contract, and the contract contained no provision for the payment of moving expenses back to Georgia. Therefore, as the plaintiff elected not to return to Georgia but instead chose to remain in Florida in an attempt to make a living in Florida, it is clear that the moving expenses were incurred as the result of plaintiff’s desire to return to Georgia, and as such are not recoverable. See generally 22 Am.Jur.2d, Damages, § 73; 56 C.J.S. Master and Servant § 58(b).
Accordingly, having considered the remaining points raised on appeal and determined them to be without merit, the judgment appealed is reduced by the sum of $1,249.23, and as so modified the judgment is affirmed.
Affirmed as modified.
WALDEN, J., and JOHNSON, CLARENCE T., Associate Judge, concur.